ORDERED.

Dated: October 16, 2010



_____
EILEEN W. HOLLOWELL
U.S. Bankruptcy Judge

LAW OFFICE OF BLAKE D. GUNN
P.O. Box 22146
Mesa, Arizona 85277
480-710-8677
Fax 480-393-7162
bgunn@gunnfirm.com

Blake D. Gunn, SBN 019112
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In re:

RYAN R. PALMER AND MARLA DIANE PALMER,

Debtors,

Case No.: 2:09-bk-20039-EWH

Chapter 13 Proceedings

**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN**

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
| --- | --- |
| 1 – 12 | $1,347.06 |
| 13-60 | $1,534.57 |

The payments are due on or before the 20th day of each month commencing September 20, 2009. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed. The

Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for post-petition years within 30 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

(2) Other Property. *Optional: The Debtors shall provide, directly to the Trustee their net federal and state income tax refunds for the years 2009, 2010, 2011, 2012, and 2013, as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.* In no event will the term of the Plan be reduced to less than **36** months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) Administrative expenses: Attorney Fees. Blake D. Gunn shall be allowed total compensation of $3,500.00. Counsel received $1,000.00 prior to filing this case and will be paid $2,500.00 by the Chapter 13 Trustee.

(2) Claims Secured by Real Property:

NONE

(3) Claims Secured by Personal Property:

(a) Sunwest Federal Credit Union, secured by a lien in a 2007 Dodge 2500, shall be paid $37,783.91 with 6.0% interest. The creditor will receive adequate protection payments of $300.00 per month. The balance of the claim shall be classified as an unsecured nonpriority claim.

(b) Sunwest Federal Credit Union, secured by a lien in a 2006 Dodge Charger, shall be paid $21,500.14 with 6% interest. The creditor shall receive adequate protection

payments of $220.00 per month. The balance of the claim shall be classified as an unsecured nonpriority claim.

        (4) Unsecured Priority Claims:

           **NONE**

        (5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

            (a)    2007 Starcraft Travel Trailer 2600RLS to Bank of America.

            (b)    2003 Regal 2000 21-foot boat to Bank of America

            (c)    Real property located at 684 W. Judi St., Casa Grande, AZ to JP Morgan Chase Bank in satisfaction of both claims scheduled for JP Morgan Chase Bank and secured by the property described herein.

        (6) Other Provisions: None.

        (7) Unsecured Nonpriority Claims. All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

    (D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

ORDER SIGNED AND DATED ABOVE

-3-

APPROVED AS TO FORM AND CONTENT:



Ch Digitally signed by Russell Brown
DN: cn=Russell Brown, o=Chapter 13 Trustee, ou, email=mail@ch13bk.com, c=US
Date: 2010.10.13 16:17:21 -07'00'

Russell Brown
3838 N. Central Ave.
Suite 800
Phoenix, AZ 85012

Debtor's Attorney

/s/ Blake D. Gunn 019112
Blake D. Gunn
P.O. Box 22146
Mesa, AZ 85277

**DEBTOR'S CERTIFICATION**:

All required State and Federal income tax returns have been filed. No domestic support obligation is owed, or, if owed, is current since the filing of the Petition.

/s/ Ryan R. Palmer
Debtor

/s/ Marla D. Palmer
Debtor

-4-